IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WALTER-ELIYAH THODY**
**of the Thody family aka**
**RALPH OWEN,**

      **Petitioner,**

v.　　　　　　　　　　　　　　　　　**Civil Action No. 1:11cv174**
　　　　　　　　　　　　　　　　　　　**(Judge Keeley)**

**WARDEN TERRY O'BRIEN,**
**U.S. PENITENTIARY, HAZELTON,**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On November 4, 2011, the *pro se* petitioner filed a [sic] "Article III, Constitutional Court Demand for Common Law Writ of Habeas Corpus in the 'Green File'". The pleading was docked as a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. On that same date, the Clerk of the Court sent the petitioner a Notice of Deficient Pleading which advised him that he must file his petition on the court-approved form which was enclosed and either pay the $5.00 filing fee or submit the appropriate application to proceed in forma pauperis with supporting documents. On November 21, 2011, the petitioner paid the $5.00 filing fee. However, he has never submitted his petition on the court-approved form, but instead, has insisted that his pleading is "not a statutory § 2241 Petition, and should not be reconstrued as such." (Dckt.#  10-1).

### II. FACTS

**A.**    **Conviction and Sentence**

On January 28, 1992, the petitioner was convicted in the Eastern District of Oklahoma on

two accounts of bank robbery, two counts of use of a firearm during commission of a crime, possession of a firearm moved interstate after felony conviction, and conspiracy. The petitioner was sentenced to 475 months imprisonment, followed by three years of supervised release. The petitioner appealed his conviction and sentence, and the United State Court of Appeals for the Tenth Circuit affirmed the conviction and sentence on October 30, 1992. See United States v. Thody, 978 F.2d 625 (1992).

On January 18, 2005, the petitioner filed a petition for habeas relief under 28 U.S.C. § 2241 on January 18, 2005, in the United States District Court for the Middle District of Pennsylvania. As grounds for relief, he alleged: (1) ineffective assistance of counsel, and (2) that he is a "sovereign American citizen not subject to administrative 'court' jurisdiction." On July 6, 2005, the petition was dismissed because the Court found that the petitioner was rasing claims that must be addressed in a petition filed pursuant to 28 U.S.C. § 2255. Moreover, the Court found that the petitioner had not established that § 2255 would be an inadequate or ineffective remedy.

### III. ANALYSIS

A district court should construe *pro se* petitions liberally, no matter how unskillfully pleaded. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Accordingly, the Court could construe this petition as one filed under 28 U.S.C. § 2241, as was done when the case was filed. However, where, as here, a *pro se* litigant expressly insists that the Court rule on his petition or motion exactly as presented, the court should refrain from recharacterizing it. See United States of America v. Kirkpatrick, 2009 WL 2823658 (E.D. Tenn. Aug. 28, 2009).

As noted previously, the petitioner is adamant that his case is a Common Law Writ of Habeas Corpus. The United States Supreme Court has long recognized that "for the meaning of *habeas corpus*, resort may unquestionably be had to the common law; but the power to award the writ by

any of the courts of the United States, must be given by written law." Ex parte Bollman, 8 U.S. (4 Cranch) 75, 93 (1807); see also Felkner v. Turpin, 518 U.S. 651, 651, 644 (1996); Carbo v. United States, 36 U.S. 611, 614 (1961). In Bollman, the Supreme Court recognized that the Constitution alone does not give federal courts the power and authority to grant writs of habeas corpus, and federal courts do not retain some form of residual common law authority and jurisdiction to issue writs of habeas corpus. Rather, the scope of the jurisdiction and authority of the federal district courts to issue writs of habeas corpus to federal prisoners ir governed by 28 U.S.C. §§ 2241 and 2255. See Rascul v. Bush, 542 U.S. 466 (2004).

Therefore, because the petitioner insists that he has filed a Common Law Writ of Habeas Corpus, this court is without jurisdiction to entertain the same. Moreover, the petitioner's pleading is unintelligible. He challenges the jurisdiction on the United States District Court for the Eastern District of Oklahoma in his criminal case because "[a]ny presumed jurisdiction under that Court's statutory law forum in either maritime or equity law, had to have been predicated upon a fraudulent presumption of my voluntary, informed agreement to be a corporate citizen Property of the corporate UNITED STATES OF AMERICA...[t]herefore, I am not a Property of that corporation, who is subject to the Rules and Regulations thereof," (Dckt.# 1, p. 1). In summary, the petitioner rambles incoherently and does not assert factual allegations which would give rise to a valid basis for relief which this Court has the authority to grant.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petition (Doc. 1) be **DISMISSED WITH PREJUDICE** for lack of jurisdiction and as unintelligible. In addition, the undersigned recommends that the petitioner's pending Motions (Dckts. # 13, 14, 15, 16, 17, and 18) be **DENIED AS MOOT**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: March 27, 2012

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE