```
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**WALTER-ELIYAH THODY,**

    **Petitioner,**

**v.**                   **//**         **CIVIL ACTION NO. 1:11CV174**
                                                  **(Judge Keeley)**

**TERRY O'BRIEN, Warden,**
**U.S. PENITENTIARY, HAZELTON,**

    **Respondent.**

### ORDER ADOPTING-IN-PART REPORT AND RECOMMENDATION

Before the Court is the Magistrate Judge's Opinion and Report and Recommendation ("R&R")concerning the petition filed by Walter-EliYah Thody, a.k.a. Ralph Owen . For the reasons set forth below, the Court **ADOPTS-IN-PART** the Magistrate Judge's Report and Recommendation.[1]

**I.**

On November 4, 2011, the pro se petitioner, Walter-EliYah Thody, a.k.a. Ralph Owen ("Thody"), filed a petition styled as "Article III, Constitutional Court Demand for Common Law Writ of Habeas Corpus in the 'Green File.'" (Dkt. No. 1). That same day, the Clerk of Court sent Thody a notice of deficient § 2241 pleading. (Dkt. No. 3). Thody responded by letter dated November 9,

---

[1] The R&R recommended that Thody's filing be dismissed with prejudice. (Dkt. No. 19). However, because the Court dismisses Thody's petition for lack of subject matter jurisdiction, it need not address the merits of Thody's claims, and, dismissal without prejudice is the appropriate outcome. See Interstate Petroleum Corp. v. Morgan, 249 F.3d 215, 222 (4th. Cir. 2001) (remanding to district court with directions to dismiss the case where subject matter jurisdiction was lacking); see also Fed. R. Civ. P. 41(b).

2011, which unequivocally stated that his filing was not be construed as a § 2241 Petition. (Dkt. No. 5). Over the following months, Thody proceeded to file twelve various letters and motions with the Court. (Dkt. Nos. 7 – 18).

Meanwhile, the Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with LR PL P 2. On March 27, 2012, Magistrate Judge Kaull issued an R&R in which he recommended that, based on Thody's insistence he had filed a Common Law Writ of Habeas Corpus, this Court lacked jurisdiction over the petition. Therefore, the R&R recommended that the Court dismiss Thody's petition with prejudice and deny Thody's additional pending motions as moot. (Dkt. No. 19). The R&R also specifically warned Thody that his failure to object to the recommendation would result in the waiver of any appellate rights he might otherwise have on this issue.

On April 4, 2012, Thody filed a document styled, "Plaintiff's Response to unsigned 'REPORT AND RECOMMENDATION' allegedly by JOHN S. KAULL, UNITED STATES MAGISTRATE JUDGE which, though unsigned, had a cursive-style font printed characterization of a signature utilized in place of a signature." (Dkt. No. 22). This document contains twelve numbered paragraphs which:

- Repeat the legal arguments made in Thody's original filing

   that were rejected by the magistrate judge;

- Dispute the style given the case by the Court;

- Castigate the Court for failing to address Thody as he would like; and

- Criticize the magistrate judge's grammar.

Thody's response specifically refers to the substance of the R&R only in the paragraphs numbered six and eight. There, he argues that Articles I and III of the Constitution empower this Court to issue a Common Law Writ of Habeas Corpus, and that only "Admiralty/Maritime jurisdiction UNITED STATES DISTRICT COURTS" are prevented from issuing such writs.

## II.

The Court is obligated to conduct a de novo review of those portions of the magistrate judge's report to which objections have been filed. 28 U.S.C. § 636(b)(1). However, it need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the Court will only review the magistrate judge's conclusions for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). A failure to file specific objections waives appellate review of both factual and legal questions. See United States v. Schronce, 727 F.2d 91, 94

& n.4 (4th Cir. 1984); see also Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991).

## III.

Based on its de novo review of those portions of the magistrate judge's opinion to which Thody has made specific objections – namely those objections raised in paragraphs 6 and 8 of his April 4, 2012 filing (dkt. no. 22) – the Court reaches the following conclusions. First, the magistrate judge properly declined to construe Thody's initial filing as a § 2241 petition. In United States v. Kirkpatrick, the court faced a filing very similar to Thody's. No. 1:96-cr-81, 2009 WL 2823658 (E.D. Tenn. Aug. 28, 2009). In that case, the pro se petitioner filed two petitions with the court seeking an "original" writ of habeas corpus. Although he sought relief from a federal conviction, the petitioner made clear that his filings were not to be construed as either a § 2241 or a § 2255 petition.

Ultimately, after recognizing that courts frequently recharacterize pro se plaintiffs' claims, the court followed the petitioner's wishes and did not recharacterize the filings as statutory habeas petitions. Id. at *7; citing Greenlaw v. United States, 554 U.S. 237 (2008); Castro v. U.S., 540 U.S. 375 (2003) (recognizing that federal courts' power to recharacterize pro se plaintiffs' petitions is not unlimited)).

Similarly, Judge Kaull observed that, while he "could construe

[Thody's petition] as one filed under 28 U.S.C. § 2241," he would not because "where, as here, a pro se litigant expressly insists that the court rule on his petition or motion exactly as presented, the court should refrain from recharacterizing it." (Dkt. No. 19).

Second, the magistrate judge properly concluded that this Court lacks jurisdiction to issue an "original" writ of habeas corpus, as requested by Thody. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 511 U.S. 375, 377 (1994). <u>See also</u> <u>Ex parte Bollman</u> 4 Cranch 75, 93 (1807) ("Courts which are created by written law, and whose jurisdiction is defined by written law, cannot transcend that jurisdiction."); <u>In re Bulldog Trucking, Inc.</u>, 147 F.3d. 347, 352(4th Cir.1998).

This limitation extends to the writ of habeas corpus: "For the meaning of the term habeas corpus, resort may unquestionably be had to the common law; but <u>the power to award the writ by any of the courts of the United States, must be given by written law</u>." <u>Ex Parte Bollman</u>, 4 Cranch at 93 (emphasis added). Therefore, the scope of the habeas relief which a federal court such as this may provide is limited to those remedies set forth in the statutes of the United States, namely 28 U.S.C. §§ 2241, 2254, and 2255. <u>See</u> <u>Rasul v. Bush</u>, 542 U.S. 466, 473 ("Congress has granted federal district courts, within their respective jurisdictions, the

5

authority to hear applications for habeas corpus by any person who claims to be held in custody in violation of the Constitution or laws or treaties of the United States.") (internal quotations omitted); Timms v. Johns, 627 F.3d 525, 530 (4th Cir. 2010) ("Under 28 U.S.C.A. § 2241, federal district courts are granted broad authority, within their respective jurisdictions to hear applications for writs of habeas corpus . . . .") (internal quotations omitted).

At bottom, by refusing to allow this Court to consider his petition under the laws of the United States, Thody has deprived it of jurisdiction over his petition.  Therefore, the Court concurs with the magistrate judge's conclusion that this Court lacks jurisdiction to issue the common law writ of habeas corpus requested by the petitioner.

**IV.**

The remainder of Thody's response rails against perceived errors in the style of the case and the grammar of the recommendation. These are general objections, not specific objections that "direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano, 687 F.2d at 47 (4th Cir. 1982). General objections such as Thody's have the same effect as the failure to file objections at all. See U.S. v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007). As such, the Court need only review the remainder of the magistrate judge's report and

recommendation for clear error. Diamond, 416 F.3d at 315. Finding none, the Court concludes that Thody's general objections are without merit.

**V.**

Accordingly, for the reasons stated above and those more fully discussed in the R&R, the Court:

1. **ADOPTS-IN-PART** the R&R (dkt. no. 19);
2. **DENIES AS MOOT** the defendant's pending motions (dkt. nos. 13, 14, 15, 16, 17, 18, 20, and 26); and
3. **ORDERS** that this case be **DISMISSED WITHOUT PREJUDICE** and **STRICKEN** from the Court's docket.

If the plaintiff should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order. Fed. R. Civ. P. 4.

It is so **ORDERED**.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of the Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se plaintiff, certified mail, return receipt requested.

DATED: October 4, 2012.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE